

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0865-13

**ROBERT WHITFIELD, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON DISCRETIONARY REVIEW**
**FROM THE FIRST COURT OF APPEALS,**
**FREESTONE  COUNTY**

*Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Meyers, Price, Johnson, Hervey, and Cochran, JJ., joined. Price, J., filed a concurring opinion. Alcala, J., filed a concurring opinion in which Johnson and Cochran, JJ., joined. Keasler, J., concurred in the judgment.*

The issue in this case is whether the courts of appeals have jurisdiction to consider a convicted person's appeal of unfavorable findings from a hearing on DNA testing. We hold that they do.

## Background

In 1981, a jury found the appellant guilty of rape and assessed fifteen years' imprisonment. In 2007, he moved for, and was granted, post-conviction DNA testing under Code of Criminal Procedure Chapter 64. After receiving the results of the testing in 2009, the trial court held the hearing that article 64.04 requires and found no reasonable probability that the appellant would not have been convicted had the results been available at his trial.[1] The appellant timely filed a notice of appeal.

The Court of Appeals held that Chapter 64 does not authorize an appeal of unfavorable findings after post-conviction DNA testing is completed. It dismissed the appeal for want of jurisdiction.[2]

We granted discretionary review to decide whether courts of appeals have jurisdiction to review unfavorable findings made under article 64.04 of the Code of Criminal Procedure.

## Chapter 64

Chapter 64 was enacted in 2001.[3] It allows a convicted person to file, in the convicting court, a motion for post-conviction DNA testing of biological evidence. If the motion meets specific requirements and the court grants the motion, article 64.04 requires

---

[1] We shall refer to this finding, that "had the results been available at trial, it was not reasonably probable that the appellant would not have been convicted," as "unfavorable findings" as both the appellant and the State do in their briefs.

[2] *Whitfield v. State*, 409 S.W.3d 11 (Tex. App. – Houston [1st Dist.] 2013).

[3] Act of April 5, 2001, 77th Leg., R.S..

that "the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted."

Article 64.05 of the 2001 act authorized appeals of findings: "An appeal of a finding under Article 64.03 or 64.04 is to a court of appeals, except that if the convicted person was convicted in a capital case, the appeal of the finding is a direct appeal to the court of criminal appeals."

In the next session of the legislature, article 64.05 was amended thus:

> An appeal [of a finding] under *this chapter* [Article 64.03 or 64.04]is to a court of appeals *in the same manner as an appeal of any other criminal matter*, except that if the convicted person was convicted in a capital case *and was sentenced to death*, the appeal [of the finding] is a direct appeal to the court of criminal appeals.[4]

It may be noticed that the amendment removed the only limitation of the appeal (that the appeal be "of a finding").

<u>Jurisdiction of the Courts of Appeals</u>

The courts of appeals derive their authority from the Constitution of the State of Texas, which provides:

> Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. … Said courts shall have such other jurisdiction, original and appellate,

---

[4] Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 5, 2003 Tex. Gen. Laws, 16-17.

as may be prescribed by law.[5]

This provision means that a statute must expressly give the courts of appeals jurisdiction. "[T]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."[6]

In construing statutes, "we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment."[7] This strict reading of the statutory language is necessary because "the text of the statute *is the law* in the sense that it is the only thing actually adopted by the legislators, probably through compromise, and submitted to the Governor."[8]

"If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then *and only then*, out of absolute necessity, is it constitutionally permissible for a court to consider … such *extra*textual factors as executive or administrative interpretations of the statute or legislative history."[9]

The only reference to appeals in Chapter 64 is in article 64.05, which reads:

An appeal under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter, except that if the convicted person

---

[5] TEX. CONST. art. V, § 6.

[6] *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Cr. App. 2008). *See also Lyon v. State*, 872 S.W.2d 732, 734 (Tex. Cr. App. 1994) ("The right to appeal a criminal conviction is a substantive right solely within the province of the Legislature.").

[7] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Cr. App. 1991).

[8] *Ibid* (emphasis in original).

[9] *Id.* at 785-86 (emphases in original).

was convicted in a capital case and was sentenced to death, the appeal is a direct appeal to the court of criminal appeals.[10]

The text of article 64.05 speaks only of procedures. It does not address the substance of what may be appealed.[11]

Without clear guidance from the text of the statute, we must look beyond the text in an attempt to discern whether the appellant may appeal the unfavorable findings made by the trial court after the DNA testing.

Article 64.05 was amended in 2003 to remove specific reference to an "appeal of a *finding* under Article 64.03 or 64.04," and replace it with more general language about an "appeal under this chapter."[12] The previous version clearly contemplated an appeal of a finding. The question is whether the amended version, without explicit reference to a finding, still allows such an appeal.

The bill analysis provided by the House Committee on Criminal Jurisprudence at the time of the 2003 amendments said, "[This bill] makes it clear that both the request for a test (based on legal or factual determinations) and the findings by the trial court are appealable."[13] It is apparent that the legislature intended to authorize appeals of findings.

---

[10] TEX. CODE CRIM. PROC. art. 64.05.

[11] This Court has held that an order denying DNA testing is an "appealable order" under 64.05. *Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Cr. App. 2006). But a judge's refusal to appoint counsel for post-conviction DNA testing is not an immediately "appealable order" under 64.05 because it is a preliminary decision that is appropriately reviewed as alleged error after a motion for DNA testing is denied. *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Cr. App. 2010).

[12] *See* Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 5, 2003 Tex. Gen. Laws, 16-17  (emphasis added).

[13] House Committee on Criminal Jurisprudence, Bill Analysis, at 2, Tex. H.B. 1011, 78th Leg., R.S. (2003).

In 2003, this Court interpreted the amendment to article 64.05 to be "broadening the scope of Chapter 64 to include appeals not previously permitted."[14]

In 2012, we held that a Court of Appeals erred when it addressed the State's challenge to the trial court's favorable article 64.04 finding.[15] In that case, this Court held that a trial court may not grant a new trial under Chapter 64. We went on to say:

> Because Article 64.04 does not itself provide the appellee with any remedy, the court of appeals's opinion with respect to the sufficiency of the evidence to support the trial court's favorable Article 64.04 finding was advisory in nature. Resolution of such a question should await such time as an applicant may seek post-conviction habeas corpus relief.[16]

*Holloway* was a State's appeal of a post-conviction DNA test that was favorable to the convicted person. Such a favorable finding could be used to support the person's claim in a writ of habeas corpus.

Today's case is a convicted person's appeal of unfavorable findings. But the issue is the same as the one that was before us in *Holloway*: whether the appeal under Chapter 64 extends to the sufficiency of the evidence to support the findings. We are persuaded that our holding in *Holloway* was wrong.[17] The legislature's decision to broaden the scope of appeals to the courts of appeals is a significant factor in assessing the authority of those

---

[14] *Wolfe v. State*, 120 S.W.3d 368, 372 n.5 (Tex. Cr. App. 2003).

[15] *State v. Holloway*, 360 S.W.3d 480, 490 (Tex. Cr. App. 2012).

[16] *Ibid.*

[17] Holloway's actual-innocence claim, which he raised in an application for writ of habeas corpus after our holding that denied review of his 64.04 hearing findings, has already been addressed by this Court. *See Ex parte Holloway*, 413 S.W.3d 95 (Tex. Cr. App. 2013).

courts to review the article 64.04 findings.

We think that the courts of appeals have been given authority to consider the sufficiency of the evidence as well as other grounds of appeal. The only limit that the statute placed on those courts was that they would not have jurisdiction of DNA-testing appeals in death-penalty cases.

In the system that the statutes have created, after a final decision of a court of appeals of a DNA-testing appeal in a non-death-penalty case, the results of the proceeding may be used for an application for post-conviction habeas-corpus relief under Article 11.07.

The judgment of the Court of Appeals is reversed, and the case is remanded to that Court for further consideration not inconsistent with our decision.

Delivered May 7, 2014.
Publish.